# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL ACTION NO. 3:18-CV-033-RJC-DCK

| | |
|---|---|
| **CRAIG WESTLEY THOMAS,** | ) |
| Plaintiff, | ) |
| v. | ) **ORDER** |
| **PAUL DeLONG,** | ) |
| Defendant. | ) |

**THIS MATTER IS BEFORE THE COURT** on the "Nonparty Objection And Request To Quash Defendant's Subpoena Served On 6/21/2018" (Document No. 16). This motion has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b), and immediate review is appropriate. Having carefully considered the motion, the record, and applicable authority, the undersigned will grant the motion.

## BACKGROUND

Craig Westley Thomas ("Plaintiff" or "Thomas") initiated this action with the filing of a "Complaint" (Document No. 1-1) in the Superior Court of Mecklenburg County, North Carolina, on December 19, 2017. The Complaint asserts claims against Paul DeLong ("Defendant" or "DeLong") for: (1) alienation of affections; (2) criminal conversation; (3) intentional infliction of emotional distress; and (4) negligent infliction of emotional distress. (Document No. 1-1). A "Notice Of Removal From State Court By Defendant Paul DeLong" (Document No. 1) was filed with this Court on January 19, 2018. Defendant stated that removal was appropriate based on complete diversity of the parties. (Document No. 1).

The Honorable Robert J. Conrad, Jr. issued a "Pretrial Order And Case Management Plan" (Document No. 8) on February 22, 2018. The "…Case Management Plan" includes the following deadlines: discovery – November 6, 2018; mediation – November 20, 2018; and dispositive motions – December 7, 2018. Defendant filed his "Motions, Answer, Counterclaim, And Affirmative Defenses" (Document No. 2) on January 26, 2018. Defendant then filed his "Motions For Judgment On The Pleadings And Motions To Dismiss" (Document No. 12) on April 9, 2018. The "Motions For Judgment On The Pleadings…" will be decided by Judge Conrad in due course.

On July 27, 2018, Cindy DeLong (the "Movant"), appearing *pro se*, filed the pending "Nonparty Objection And Request To Quash Defendant's Subpoena Served On 6/21/2018" (Document No. 16) ("Motion To Quash"). Defendant's "Respo[n]se To Third Party Objection And Motion To Quash" (Document No. 17) was filed on August 10, 2018. Plaintiff has not filed a response to the pending Motion To Quash and the Movant has declined to file a reply brief in support of her motion; as such, this motion is now ripe for disposition. See Local Rule 7.1(e).

**DISCUSSION**

By the pending "Motion To Quash," Movant seeks to quash a subpoena that was served on her on June 21, 2018. (Document No. 16, pp. 1, 5). Movant Cindy DeLong was married to Defendant Paul DeLong for approximately fifteen (15) years until a final divorce decree on January 4, 2018. (Document No. 16, p. 1). Movant lives in Austin or Round Rock, Texas, and is not a party to this action. (Document No. 16). The subpoena, issued by Defendant's counsel, demands the production of the following documents by Cindy DeLong:

> A copy of all communications and/or documents sent by you to Craig Westley Thomas or received by you from Craig Westley Thomas, including but not limited to text messages, emails, letters, social media messages, phone records, receipts, credit card statements, bank statements, financial statements, and documents

regarding your separation and divorce from Paul DeLong from
January 1, 2017 through the date you respond to this subpoena.

(Document No. 16, p. 6). The subpoena commanded the foregoing production at Defendant's counsel's office in Charlotte, North Carolina, at 11:00 a.m. on July 6, 2018. (Document No. 16, p. 3).

Movant sent a letter to Defendant's counsel on or about July 1, 2018, informing counsel that she objected to the pending subpoena and would not be providing a response. (Document No. 17, p. 8); see also (Document No. 16, p. 7). Movant noted that Defendant had requested the termination of their marriage in May 2017, to pursue a relationship with Plaintiff's spouse. Id. Citing Fed.R.Civ.P. 45(d), Movant contends that the subpoena presents an undue burden, and that the information sought could be easily obtained from other sources, specifically Plaintiff. (Document No. 16, p. 1).

In response, Defendant argues that Movant's objection and Motion To Quash are untimely, that the subpoena does not present an undue burden, and that Movant should be required to pay Defendant's attorney fees for her non-compliance with the subpoena. (Document No. 17). Defendant asserts that he "is concerned Plaintiff may have deleted or otherwise destroyed certain communications or would not produce all documents concerning his communications with Ms. DeLong." (Document No. 17, p. 3). However, Defendant does not identify any discovery requests issued to Plaintiff or any alleged failure by Plaintiff to provide appropriate responses to discovery requests, nor has Defendant filed a motion to compel responses by Plaintiff. (Document No. 17).

It appears to the undersigned that Defendant's subpoena presents an undue burden, and is likely invalid, at least to the extent that it commands Movant Cindy DeLong, who resides in Texas, to produce documents in Charlotte, North Carolina. Rule 45 provides that a subpoena may command "production of documents, electronically stored information, or tangible things **at a**

**place within 100 miles** of where the person resides, is employed, or regularly transacts business in person." Fed.R.Civ.P. 45(c)(2)(A) (emphasis added). See also Europlay Capital Advisors, LLC v. Does, 323 F.R.D. 628, 629-30 (C.D.Ca. Feb. 5, 2018) ("the current version of Rule 45 clearly requires that the 'production of documents [or] electronically stored information' must be "at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person."); U.S. Equal Employment Opportunity Commission v. Bojangles' Rest., 2017 WL 2889493, at *5 (E.D.N.C. July 6, 2017) (subpoena "exceeds the permissible 100 mile geographical limit imposed by Rule 45 by a distance of approximately 30 miles. This flaw requires quashing or modifying the subpoena."); Selee Corporation v. McDanel Ceramic Tech., LLC, 1:15-CV-129-MR, 2016 WL 4546446, at *4 (W.D.N.C. Aug. 31, 2016) (subpoena commanding "production of documents at location greater than 100 miles" was unenforceable); Nieman v. LinkedIn Corp., 2013 WL 685203, at *2 (N.D.Ca. Feb. 25, 2013) ("nonparties cannot be required to produce documents at a location more than 100 miles from their home or business"); and Miller v. Holzmann, 471 F.Supp.2d 119, 121 (D.D.C. 2007) ("Rule 45 unequivocally applies both to attending a deposition to testify and to being required to produce documents at a distance more than 100 miles from one's home. It draws no distinction whatsoever between being compelled to testify and being compelled to produce documents at a certain place").

Based on the foregoing authority, the undersigned will grant the Motion To Quash. Defendant's suggestion of an order finding *pro se* Movant in contempt and/or a requirement that *pro se* Movant reimburse Defendant for legal fees is unpersuasive. See (Document No. 16, p. 7; Document No. 17, pp. 3-4).

**IT IS, THEREFORE, ORDERED** that the "Nonparty Objection And Request To Quash Defendant's Subpoena Served On 6/21/2018" (Document No. 16) is **GRANTED**.

<u>The Clerk of Court is directed to send a copy of this Order to the *pro se* Movant by certified U.S. mail, return receipt requested.</u>

**SO ORDERED**.

Signed: September 5, 2018

David C. Keesler
United States Magistrate Judge